PROB 12C
(04/05)

August 27, 2012

# UNITED STATES DISTRICT COURT
## FOR THE
## SOUTHERN DISTRICT OF CALIFORNIA

5:21-mj-00338

### Petition for Warrant or Summons for Offender Under Supervision

**Name of Offender:** Benjamin Lawrence Cohen (English)         **Dkt. No.:** 10CR02159-001-LAB

**Reg. No.:** 19886-298

**Name of Sentencing Judicial Officer:** The Honorable Larry A. Burns, U.S. District Judge

**Original Offense:** 8 U.S.C § 1324(a)(2)(B)(iii), Bringing in an Illegal Alien Without Presentation, a Class C felony.

**Date of Revocation Sentence:** July 2, 2012

**Sentence:** Time served (45 days), 2 years supervised release. (*Special Conditions: Refer to Judgment and Commitment Order.*)

**Type of Supervision:** Supervised Release         **Date Supervision Commenced:** July 2, 2012

**Asst. U.S. Atty.:** Helen H. Hong         **Defense Counsel:** Inge Brauer (Appointed)
                                                              619-238-1031

**Prior Violation History:** None.

---

### PETITIONING THE COURT

**TO ISSUE A NO-BAIL BENCH WARRANT**

Case 5:21-mj-00338-DUTY   Document 3-1   Filed 05/10/21   Page 2 of 7   Page ID #:5
Case 3:10-cr-02159-LAB   Document 50   Filed 08/31/12   Page 2 of 7

PROB 12C

Name of Offender: Benjamin Lawrence Cohen                                       August 27, 2012
Docket No.: 10CR02159-001-LAB                                                                    Page 2

The probation officer believes that the offender has violated the following condition(s) of supervision:

**CONDITION(S)**                                               **ALLEGATION(S) OF NONCOMPLIANCE**

**(Mandatory Condition)**
The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. Submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter. Testing requirements will not exceed submission of more than four (4) drug tests per month during the term of supervision, unless otherwise ordered by the court. *(nv3a)*

1. Mr. Cohen used a controlled substance, as evidenced the urine sample he submitted at the United States Probation Office on August 3, 2012, which tested positive for methamphetamine.

2. Mr. Cohen failed to report to the United States Probation Office in Chula Vista on July 25, 2012, to submit to a drug test, as directed.

**_Grounds for Revocation:_**  As to allegation one, this officer has received and reviewed the Alere Toxicology Services, Inc., lab report, showing that the urine sample submitted by Mr. Cohen on August 3, 2012, confirmed positive for methamphetamine.

As to allegation two, this officer received and reviewed the Chain of Custody For Drug Analysis; Southern District of California; Failure to Appear (FTA) form, which confirms that Mr. Cohen failed to report for drug testing on July 25, 2012, as directed.

**(Special Condition)**
Reside in a Residential Reentry Center (RRC) as directed by the probation officer for a period of up to 180 days. *(nv24)*

3. On August 10, 2012, Mr. Cohen failed to report to the RRC as directed.

**_Grounds for Revocation:_**  As to allegation three, on August 9, 2012, the undersigned directed Mr. Cohen to report to the RRC by August 10, 2012; however, on August 13, 2012, this officer was contacted by RRC staff and told that Mr. Cohen had not reported as directed.

Case 5:21-mj-00338-DUTY Document 3-1 Filed 05/10/21 Page 3 of 7 Page ID #:6
Case 3:10-cr-02159-LAB Document 50 Filed 08/31/12 Page 3 of 7

PROB 12C

Name of Offender: Benjamin Lawrence Cohen  August 27, 2012
Docket No.: 10CR02159-001-LAB  Page 3

| | | | |
|---|---|---|---|
| **(Standard Condition)** Answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.*(mv8)* | | 4. | Mr. Cohen failed to report to the probation office on August 13, 2012, as directed. |

***Grounds for Revocation:*** As to allegation four, on August 9, 2012, the undersigned directed Mr. Cohen to report to the probation office on August 13, 2012, to discuss the positive drug test of August 3, 2012. Mr. Cohen failed to report as directed, and all attempts to contact him have proved unsuccessful.

## VIOLATION SENTENCING SUMMARY

### SUPERVISION ADJUSTMENT

Upon commencing supervised release, Mr. Cohen took up residence with his wife in Chula Vista, and obtained full-time employment through Labor Ready. His first violation came on July 25, 2012, when he missed a drug test; and as a result of this missed test he was placed into group counseling with Mental Health Systems (MHS). On July 26, 2012, Mr. Cohen left a voice mail message with the probation officer that he had been kicked out of his residence with his wife, and that the police were "called." No charges were filed, and by July 30, 2012, Mr. Cohen was again living with his wife.

Due to the unstable living situation of Mr. Cohen, a referral was made to the RRC; and on August 6, 2012, probation was notified by RRC staff that Mr. Cohen was accepted for placement. On August 9, 2012, Mr. Cohen was directed to report to the RRC on August 10, 2012; however, he failed to report. Several attempts have been made to contact Mr. Cohen, and his current whereabouts is unknown.

### OFFENDER PERSONAL HISTORY/CHARACTERISTICS

Mr. Cohen was born in Fort Hood, Texas, and he has one paternal half brother. Mr. Cohen had a difficult childhood due to his mother abusing controlled substances, and his father being absent with military obligations. His parents divorced when he was five, and his father re-married when Mr. Cohen was nine. Mr. Cohen eventually left home at the age of seventeen.

Mr. Cohen graduated from Bonita Vista High School in 1989, and went on to attend Southwestern College. He has been married twice, with his most recent marriage to Joyce Lynn Garza. Ms. Garza does have a federal conviction in the Southern District of California, Dkt. No. 95CR01610-001-L, for importation of marijuana. Mr. Cohen does not have any children for whom he is responsible.

Mr. Cohen has a long criminal history dating back to 1993, with convictions for possession of a weapon, possession of controlled substances, assault with a firearm, felon in possession of a firearm, and obstructing an officer. His history of substance abuse is extensive, and is well documented in the Presentence Report. At the time of the instant offense he was actively abusing methamphetamine.

Case 5:21-mj-00338-DUTY Document 3-1 Filed 05/10/21 Page 4 of 7 Page ID #:7
Case 3:10-cr-02159-LAB Document 50 Filed 08/31/12 Page 4 of 7

PROB 12C
Name of Offender: Benjamin Lawrence Cohen                                    August 27, 2012
Docket No.: 10CR02159-001-LAB                                                       Page 4

## SENTENCING OPTIONS

### CUSTODY

**Statutory Provisions:** Upon the finding of a violation, the court may modify the conditions of supervision; extend the term (if less than the maximum authorized term was previously imposed); or revoke the term of supervised release. 18 U.S.C. § 3583(e)(2) and (3).

If the court revokes supervised release, the maximum term of imprisonment upon revocation is 2 year(s). 18 U.S.C. § 3583(e)(3).

**USSG Provisions:** The allegations (use of a controlled substance, failure to report for drug testing, failure to report to the RRC, and failure to report as directed) constitutes Grade C violations. USSG § 7B1.1(a)(3), p.s.

Upon a finding of a Grade C violation, the court may (A) revoke supervised release; or (B) extend the term and/or modify the conditions of supervision. USSG § 7B1.3(a)(2), p.s.

A Grade C violation with a Criminal History Category V (determined at the time of sentencing) establishes an **imprisonment range of 7 to 13 months.** USSG § 7B1.4, p.s.

It is noted that in the case of a Grade C violation, and where the minimum term of imprisonment determined under USSG § 7B1.4, p.s., is more than six months but not more than ten months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement... provided that at least one-half of the minimum term is satisfied by imprisonment. USSG § 7B1.3(c)(2), p.s.

Since "the original sentence was the result of a downward departure ... an upward departure may be warranted" upon revocation. The court can depart from the available imprisonment range and impose a sentence of up to the statutory maximum of 24 months. USSG § 7B1.4, p.s., comment. (n.4), and 18 U.S.C. § 3583(e)(3).

### REIMPOSITION OF SUPERVISED RELEASE

If supervised release is revoked and the offender is required to serve a term of imprisonment, the court can reimpose supervised release upon release from custody. The length of such a term shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C.§ 3583(h).

PROB 12C

| | |
|---|---|
| Name of Offender: Benjamin Lawrence Cohen | August 27, 2012 |
| Docket No.: 10CR02159-001-LAB | Page 5 |

In this case, the court has the authority to reimpose a term of <u>34 months and 15 days</u> supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C. § 3583(b). The court previously imposed 45 days custody in a prior revocation.

## JUSTIFICATION FOR BENCH WARRANT

Mr. Cohen has an extensive substance abuse and criminal history. He has now regressed to use the of methamphetamine and has absconded from supervision. A warrant is justified as he becomes a danger to himself and the community with his reverting to drug use and he is a flight risk as he failed to make himself available for supervision.

## RECOMMENDATION/JUSTIFICATION

If found in violation, the undersigned recommends that the supervised release of Mr. Cohen be revoked, and that he be sentenced to the high-end of the imprisonment range; 13 months custody. This officer also recommends an additional 18 months of supervised release, with all of the special conditions ordered at the time of sentencing, including the Residential Reentry Center (RRC) placement. The high-end recommendation for custody is in consideration of this being the second time he is in violation of the Court's trust by the use of controlled substances. The RRC placement is justified, considering that Mr. Cohen will most likely lose his residence and employment by being placed back into custody.

**I declare under penalty of perjury that the foregoing is true and correct.**

**Executed on: August 27, 2012**

Respectfully submitted:
DAVID J. SULTZBAUGH
CHIEF PROBATION OFFICER

by _____
Scott K. Bawden
U. S. Probation Officer
(619) 409 5102

Reviewed and Approved:

_____
Jennifer K. Walker
Supervising U.S. Probation Officer

PROB 12C   Case 3:10-cr-02159-LAB   Document 50   Filed 08/31/12   Page 6 of 7
Name of Offender: Benjamin Lawrence Cohen                                    August 27, 2012
Docket No.: 10CR02159-001-LAB                                                        Page 6

## VIOLATION WORKSHEET

1. **Defendant:**  Cohen, Benjamin Lawrence

2. **Docket No. (Year-Sequence-Defendant No.):**  10CR02159-001-LAB

3. **List Each Violation and Determine the Applicable Grade** (*See* USSG § 7B1.1):

   | Violation(s) | Grade |
   |---|---|
   | use of a controlled substance | C |
   | failure to report to the RRC | C |
   | failure to report to probation as directed | C |
   | failure to report for drug testing | C |

4. **Most Serious Grade of Violation** (*See* USSG § 7B1.1(b))       [ C ]
5. **Criminal History Category** (*See* USSG § 7B1.4(a))             [ V ]
6. **Range of Imprisonment** (*See* USSG § 7B1.4(a))           [ 7 - 13 months]

7. **Unsatisfied Conditions of Original Sentence:** None.

PROB 12C                Case 3:10-cr-02159-LAB   Document 50   Filed 08/31/12   Page 7 of 7
Name of Offender: Benjamin Lawrence Cohen                                    August 27, 2012
Docket No.: 10CR02159-001-LAB                                                        Page 7

**THE COURT ORDERS:**

✓ AGREE. A NO-BAIL BENCH WARRANT BE ISSUED BASED UPON A FINDING OF PROBABLE CAUSE TO BRING THE OFFENDER BEFORE THE COURT TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED FOR THE ALLEGED VIOLATIONS.

____ DISAGREE. THE ISSUANCE OF A SUMMONS ORDERING THE OFFENDER TO APPEAR BEFORE THE COURT ON _____, AT _____, TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED.

____ Other _____

_____                              8-29-12
The Honorable Larry A. Burns                              Date
U.S. District Judge

I hereby attest and certify on Aug 31, 2012 that the foregoing document is a full, true and correct copy of the original on file in my office and in my legal custody.

Clerk, U.S. District Court
Southern District of California

By: s/ K. Johnson
        Deputy